COMMONWEALTH vs. PATRICK A. PICARDI. January 11, 1988. *Electronic Surveillance. Evidence,* Wiretap. *Practice, Criminal,* Motion to suppress.

In January, 1985, a Middlesex County grand jury returned three indictments against the defendant charging him with registering wagers in violation of G. L. c. 271, §§ 17 & 17A (1986 ed.). In a jury-waived trial, the Commonwealth offered, through a written stipulation, evidence which was derived from a wiretap connected by the New Jersey State police. However, the defendant preserved his right to object to the admissibility of the contents of the stipulation. After the judge admitted the evidence, the defendant moved to strike it because the Commonwealth failed to comply with the mandatory provisions of the Massachusetts wiretap statute (act), G. L. c. 272, § 99. The pertinent provisions of the act require law enforcement officials of the Commonwealth to serve the defendant at least 30 days before trial with various documents and copies of intercepted conversations that the Commonwealth intends to use as evidence against the defendant at trial. G. L. c. 272, § 99 O 1 (1986 ed.). We assume, without deciding, that G. L. c. 272, § 99, is applicable to interceptions conducted in New Jersey.

The defendant contends that the Commonwealth never provided the appropriate materials mandated by the act. The judge took the motion to strike under advisement and later filed a memorandum of his decision denying the motion and finding the defendant guilty on each indictment. The defendant appealed, and we transferred the case to this court on our own motion. On appeal, the defendant challenges the judge's denial of his motion to exclude the evidence and contends that the Commonwealth's failure to comply with G. L. c. 272, § 99 O 1, should have precluded the Commonwealth from introducing any material derived from an electronic interception.

The failure of the Commonwealth to make service on the defendant rendered the evidence "illegally obtained for purposes of the trial against the defendant." G. L. c. 272, § 99 O 1. Such illegally-obtained evidence may be suppressed by the allowance of a timely filed motion to suppress. See § 99 P. See also Mass. R. Crim. P. 13 (a)-(d), 378 Mass. 871 (1979).

Generally, the failure of a defendant timely to file such pretrial motion to suppress is fatal to his efforts to exclude the evidence. However, by force of G. L. c. 272, § 99 O 1 (1986 ed.), the defendant's failure to file a timely motion to suppress or to seek a continuance is not fatal because additional language in G. L. c. 272, § 99 O 1, provides that "such evidence shall not be offered nor received at the trial *notwithstanding the provisions of any other law or rules of court*" (emphasis supplied). This unambiguous language makes the Legislature's intent clear, though highly unusual. In a word, despite the defendant's failure to file a timely motion to suppress, the Commonwealth is barred from offering the evidence.

*Judgments reversed.*
*Findings set aside.*

*MaryEllen Kelleher* for the defendant.
*J. W. Carney, Jr.,* Assistant District Attorney, for the Commonwealth.